| | |
|---|---|
| Case No. EDCV-17-996-MWF (AFMx) | Date: November 21, 2017 |
| Title: | Theresa Brooke v. Dinesh Bhakta, et al. |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT'S ORDER

On May 28, 2017, Plaintiff commenced this action against Defendants, alleging that a hotel owned and operated by Defendants in Riverside, California, has various architectural barriers / impediments in violation of the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act. (*See* Complaint). The parties failed to note that the case is related to *Brooke v. Bhakta*, No. EDCV-17-533-MWF (AFMx), a prior case before this Court, and the case was originally assigned to Judge Walter before being reassigned to this Court on August 31, 2017.

Prior to reassignment, Judge Walter issued several Orders to Show Cause ("OSCs"), three of which are still outstanding. (Docket Nos. 19, 28, 29). On October 23, 2017, the Court held a hearing on Defendants' Motion for Judgment on the Pleadings and Motion to Stay Discovery Pending Dispositive Motion, and on Judge Walter's pending OSCs. (Docket No. 41). Counsel for Plaintiff emailed the Court the evening before the hearing, indicating that he was unable to travel from Phoenix to Los Angeles due to a medical issue, and that he would call the Court prior to the hearing if he were able. Plaintiff's counsel did not call the Court before the hearing and the Deputy Clerk, who attempted twice, was unable to reach him at his office number. The hearing thus proceeded with only Defendants' counsel in attendance.

On November 1, 2017, the Court issued an Order denying Defendants' Motion for Judgment on the Pleadings and Motion to Stay Discovery. (the "November 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-996-MWF (AFMx)          Date:  November 21, 2017
Title:     Theresa Brooke v. Dinesh Bhakta, et al.

Order") (Docket No. 45).  In light of the fact that Plaintiff's counsel did not appear either in person or telephonically at the October 23 hearing, the Court concluded the November 1 Order by directing counsel for both parties to appear for a telephonic hearing on Judge Walter's pending OSCs on November 20, 2017 at 11:30 a.m.

On November 20, 2017, neither Plaintiff's counsel nor Defendants' counsel appeared for the telephonic hearing on Judge Walter's pending OSCs.  The Court has reviewed Judge Walter's pending OSC's (Docket Nos. 19, 28, 29) and counsel's written responses thereto (Docket Nos. 20, 30, 32).  Despite counsel's failure to appear for the telephonic hearing, the Court declines to issue the monetary sanctions contemplated in Judge Walter's OSCs and the OSCs are thus **DISCHARGED**.

However, dismissal of this action for lack of prosecution and failure to comply with the Court's orders is warranted.  During the several months that the case has been pending, Plaintiff's counsel has developed a fairly predictable track record of not showing up and not complying with Court orders.  In addition to his failure to appear at today's telephonic hearing, Plaintiff's counsel:

- failed timely to respond to Judge Walter's OSC regarding his failure to provide mandatory chambers copies of the complaint and other initiating documents (Docket No. 12);

- failed to appear for a status conference before Judge Walter on June 15, 2017 (Docket No. 18);

- failed to comply with Judge Walter's order directing Plaintiff to notify the Ninth Circuit that Judge Walter had vacated a prior dismissal of the action (Docket Nos. 18, 19); and

- failed to respond to this Court's Order directing Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims (November 1 Order at 7-8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV-17-996-MWF (AFMx)   Date: November 21, 2017
Title:   Theresa Brooke v. Dinesh Bhakta, et al.

It is well-established that a district court has authority to dismiss a plaintiff's action due to his failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution and failure to comply with various Court orders is warranted. Accordingly, the action is **DISMISSED** *with prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.